IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEE YANG,

    Petitioner,                   No. CIV S-05-0417 DFL DAD P

    vs.

CATHY MENDOZA-POWERS,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss the petition due to petitioner's alleged failure to exhaust state court remedies.

        Petitioner challenges his conviction in the Sacramento County Superior Court for assault with a firearm in violation of California Penal Code § 245(a)(2) with an enhancement for use of a firearm pursuant to California Penal Code § 12022.5(a). (Mot. to Dismiss (MTD) at 1; Petition at 2[1].) In his habeas petition before this court petitioner advances just one claim which he characterizes as follows: "The Trial Court Violated Petitioner's 6th and 14th Amendment

---

[1] Petitioner's federal habeas petition is docketed as court document number 1 with March 2, 2005, as the filing date. Document 1 also includes other documents filed with the U.S. District Court for the Central District of California before the case was transferred to this court on March 2, 2005.

1

rights to confront his Primary Accuser, and admitted crucial hearsay evidence in violation of CRAWFORD V. WASHINGTON, 2004 U.S. Lexis 1838." (Petition at 5.)

PROCEDURAL HISTORY

1. On May 3, 2002, the judgment of conviction was entered in the Superior Court and petitioner was sentenced to serve a 4-year prison term for assault with a firearm with a 4-year enhancement for an aggregate sentence of eight years.  (MTD at 1; Resp't's Lodged Documents (Lodged Docs.), lodged on June 3, 2005, Doc. No. 1 at 1.)

2. Petitioner appealed his conviction to the California Court of Appeal for the Third Appellate District.  On April 8, 2003, the judgment of conviction was affirmed.  (MTD at 2.)

3. On May 27, 2003, the California Supreme Court received petitioner's petition for review.  (Pet'r's Objection and Denial to the Motion to Dismiss (Opp'n), Ex. B at 1.) Petitioner contends that fourteen days earlier, on May 13, 2003, his petition for review was mailed by prison officials to the California Supreme Court.  (Id. at 2 and Ex. C at 2.)  In a letter dated May 27, 2003, the California Supreme Court notified petitioner that his petition for review was untimely because it was not filed by May 19, 2003. (Id., Ex. B at 1.)  Petitioner was advised that he could submit an Application for Relief from Default but that such an application needed to be received by June 6, 2003.  (Id.)

4. Petitioner contends that on June 3, 2003, he submitted his application for relief from default to prison authorities at Avenal State Prison for mailing to the California Supreme Court.  (Id. at 2.)  He attaches a mail log of his outgoing mail which reflects that on June 3, 2003, his mail was sent to the California Supreme Court.  (Id., Ex. C at 2.)

5. In a letter dated June 11, 2003, the California Supreme Court notified petitioner that his petition for review was being returned unfiled because the petition was untimely and no application for relief from default had been submitted to the court by June 6, 2003.  (Id., Ex. B at 2.)

6. On December 1, 2003, petitioner filed a petition for a writ of habeas corpus with the California Supreme Court. (Lodged Docs., Doc. No. 3; Opp'n, Ex. E.) In that petition he argued that his petition for review was timely filed under the mailbox rule set forth in Houston v. Lack, 487 U.S. 266 (1988).

7. On September 15, 2004, the California Supreme Court summarily denied the habeas petition. (Lodged Docs., Doc. No. 4.)

8. On September 16, 2004, the California Supreme Court received petitioner's document styled, "Addendum to Petition for Review currently before the State Supreme Court." (Id., Doc. No. 3.) In the addendum, petitioner argued that his conviction was improperly obtained through the use of hearsay evidence and in violation of his right to confrontation as set forth in the then-recent Supreme Court decision in the case of Crawford v. Washington, 541 U.S. 36 (2004). (Id., Doc. No. 3, "Addendum.")

9. On February 10, 2005, petitioner filed his federal habeas petition with the U.S. District Court for the Central District of California.

10. On March 2, 2005, the case was transferred to this court.

ANALYSIS

The issue posed by the pending motion to dismiss is whether petitioner has exhausted state court remedies with respect to his hearsay/confrontation clause claim.

I. Parties' Arguments

Respondent argues that petitioner has not exhausted his hearsay/confrontation clause claim by presenting it to the California Supreme Court. (MTD at 3.) Respondent concedes that petitioner filed a habeas petition with the California Supreme Court. However, respondent argues that in that state habeas petition petitioner challenged only the timeliness of his petition for review under the mailbox rule and did not raise the substantive hearsay/confrontation clause claim he seeks to pursue in this federal habeas action. (Id.) In this regard, respondent contends that petitioner's addendum in which petitioner addressed the

1  hearsay/confrontation clause issue, was not filed until after the habeas petition filed with the
2  California Supreme Court had been denied.  Thus, respondent contends that the belatedly-filed
3  addendum did not attach to a petition pending before the court and therefore the substantive issue
4  raised in the addendum was not properly presented to the California Supreme Court.  (Id.)
5  Finally, respondent argues that petitioner is not entitled to the granting of a stay and abeyance by
6  this court because the only claim he seeks to present is unexhausted.  (Id.) (citing Jiminez v.
7  Rice, 276 F.3d 478, 481 (9th Cir. 2001).

8        Petitioner responds by arguing that all claims have been exhausted.  He contends
9  that although the California Supreme Court returned his petition for review as unfiled, the Court
10 stated in its letter, "on June 6, 2003 the court's jurisdiction expired for the purpose of granting
11 relief of any nature in this case."  (Opp'n at 4 (emphasis added by petitioner).)  Petitioner argues
12 that this statement by the court is an express waiver of the exhaustion requirement by the state.
13 (Id. at 6.)  Petitioner also argues that his state habeas petition filed with the California Supreme
14 Court included his hearsay/confrontation clause claim "[n]ot as a ground within the ground
15 section of the writ application itself, but as an inclusive package to be ruled upon, after having
16 demonstrated that the original Petition for Review had indeed been filed in a timely manner."
17 (Id. at 5.)

18       Based upon the record before this court, it is not entirely clear whether petitioner
19 attached a copy of his petition for review to his habeas petition when it was submitted to the
20 California Supreme Court.[2]  Nevertheless, petitioner contends, "Petitioner only knows that he
21 specifically within the [habeas] writ asked for the relief that, 'Petitioner should be allowed to
22 once again file his petition for review with this honorable court.'"  (Id.)  Petitioner notes that the

---

[2] There is a discrepancy between the copies of petitioner's habeas petition filed with the California Supreme Court which the parties have presented to this court.  Respondent's copy of the habeas petition (Lodged Docs., Doc. No. 3) does not include the petition for review as an attachment.  However, to his opposition to the pending motion to dismiss, petitioner has attached a copy of his state habeas petition with the petition for review appearing as Exhibit A to that habeas petition.  (Opp'n, Ex. E.)

4

California Supreme Court did not indicate what issues it was considering. He asserts that since the court issued a "blanket denial," the denial must be construed as addressing the hearsay claim because that issue was fully briefed in his petition for review and the disposition of the petition for review was placed at issue in his habeas petition. (Id. at 5.) If this court were to find that the claim is not exhausted, petitioner argues that he has presented a mixed petition and that this court should elect one of three options: (1) find that the state has expressly waived the exhaustion requirement; (2) find that the improper use of hearsay claim was fairly presented to the California Supreme Court; or (3) grant a stay and hold the pending federal petition in abeyance pending exhaustion. (Id. at 7.)

II. Analysis

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). A federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. See Rose v. Lundy, 455 U.S. 509, 516 (1982). A federal claim is fairly presented if the petitioner has described the operative facts and legal theory upon which his claim is based. See Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994).

Under 28 U.S.C. § 2254(b)(3), the exhaustion requirement can be waived, but the waiver must be by the State's counsel and the waiver must be expressly made. Therefore, the court rejects petitioner's argument that the exhaustion requirement has been waived in this case by the actions of the California Supreme Court taken in response to his petitions submitted to that court. The California Supreme Court's letter to petitioner was not an express waiver of the

exhaustion requirement. In any event, the California Supreme Court lacks the authority to waive exhaustion.

Petitioner's next argument is that his hearsay/confrontation claim has been exhausted because it was fairly presented to the California Supreme Court through his habeas petition. The recent decision by the Ninth Circuit Court of Appeals in the case of <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657 (9th Cir. 2005) is instructive in this regard. The court described the issue presented and its resolution thereof as follows:

> The State argues that Insyxiengmay did not at any time fairly and fully present the three claims he now appeals to the Washington Supreme Court. . . . It further argues that to the extent that he raised the three claims in his second PRP [personal restraint petition], they were not fairly and fully presented because they were not contained in the body of his brief, but in a separate attachment, the Appendix. The State argues that Washington law prohibits incorporation of issues by reference. Following the denial of his second PRP by the Washington Court of Appeals on the ground that it was not timely filed, Insyxiengmay filed a motion for discretionary review in the Washington Supreme Court. In that motion, he presented the state supreme court with all three claims in an appendix which consisted of a full copy of his second PRP. The body of the motion dealt with the court of appeals' dismissal on the ground of timeliness. The appendix contained, inter alia, Insyxiengmay's arguments regarding the three claims that the state contends are not exhausted. All three arguments contained the requisite references to the pertinent provisions of the United States Constitution. Thus, Insyxiengmay clearly presented all three claims as federal issues to the Washington Supreme Court.

403 F.3d at 668. <u>See</u> <u>also</u> <u>Buckner v. Waddington</u>, No. C04-1983-RSL, 2005 WL 1152210 *4 (W.D. Wash. May 12, 2005) (finding exhaustion satisfied under the holding in <u>Insyxiengmay</u> where, although difficult to comprehend and not well-organized, petitioner did provide the state supreme court with relevant portions of briefs filed with the lower courts in which his federal constitutional claims were fairly presented).

In <u>Insyxiengmay</u> the Ninth Circuit went on to note that exhaustion would have been satisfied even if the petitioner had not filed his appendix discussing the merits of the claims that had been barred as untimely.

6

> Indeed, we question whether in order to exhaust the three claims it was even necessary for Insyxiengmay to file an appendix with the Washington Supreme Court discussing their merits. Because in his motion Insyxiengmay asked the Washington Supreme Court to allow the claims to proceed in the court of appeals, and the court declined the request, thus barring him from presenting the claims for review either to the court of appeals or the supreme court, any further duty to exhaust was excused.

Id. at 669 n.5.

In the present case, just as in Insyxiengmay, petitioner made every effort to provide the California Supreme Court with an opportunity to rule on the claims that he has presented in his federal habeas petition. Before the deadline set by the California Supreme Court had expired, petitioner submitted both his petition for review and his application for relief from default to prison authorities for mailing to the court. After the California Supreme Court rejected his petition for review as untimely, petitioner also filed a habeas petition in which he argued that his petition for review was timely and requested that the California Supreme Court consider his petition which clearly presented his 6th and 14th Amendments hearsay/confrontation clause claim. (Opp'n, Ex. A at 14.) Under the holding of the Ninth Circuit in Insyxiengmay, when the California Supreme Court denied petitioner's habeas petition, his duty to exhaust his claim was satisfied.[3]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 2, 2005 motion to dismiss the petition as unexhausted be denied; and

2. Respondent be ordered to file her answer within thirty days from the service of the court's order.

/////

---

[3] The rationale of the Ninth Circuit in the Insyxiengmay decision compels this conclusion whether or not the petition for review was attached to petitioner's habeas petition filed with the California Supreme Court. See 403 F.3d at 669 n.5.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within five days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: February 13, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
yang417.mtd