IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEE YANG,

    Petitioner,　　　　　　　　　　No. CIV S-05-417 JAM CHS P

  vs.

CATHY MENDOZA-POWERS,

    Respondent.　　　　　　　　　　<u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Petitioner, a state prisoner proceeding pro se, brings this application for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner challenges his convictions for discharging a firearm and assault with a firearm, entered in the Sacramento County Superior Court, Case No. 00F08612. In his sole claim, petitioner alleges that the trial court admitted hearsay testimony in violation of the Confrontation Clause and *Crawford v. Washington*, 541 U.S. 36 (2004). For the reasons that follow, the petition must be denied.

FACTUAL BACKGROUND

      The following facts, taken from the unpublished decision of the California Court of Appeal, Third District, have not been rebutted with clear and convincing evidence and must, therefore, be presumed correct. 28 U.S.C. §2254(e)(1); *Taylor v. Maddox*, 336 F.3d 992, 1000 (9th Cir. 2004).

> On October 15, 2000, Ophelia T. was driving to her aunt's house with her sisters, L. and O., and her niece and nephew. L., the niece, and the nephew were in the back seat. Ophelia changed lanes and moved in front of a Toyota 4Runner. She stopped at a stoplight. Defendant drove his car over the sidewalk and shot at her car. She was shocked and scared by the incident, and continued on toward her aunt's nearby house to report the incident. Approximately two blocks from the site of the shooting, an unidentified man shouted to them, "[H]ey, hey, I got-I wrote down the license plate. [¶] ... [¶] Would it help?" He, too, looked shocked. The man pulled over and gave them a napkin with a license plate number written on it. He asked them if they were okay, said he hoped they were safe, and left.
>
> When Ophelia and her passengers arrived at Ophelia's aunt's house, they noticed a bullet hole in the right rear passenger door. L. had been seated next to that door, and Ophelia's niece and nephew had been sitting beside L. Ophelia called the police, told them what had happened, and gave them the napkin with the license plate number on it.
>
> The police located the 4Runner outside defendant's home; it was registered to defendant and Mary Yang. Officers then returned to Ophelia's aunt's house and told Ophelia they had found the car. Ophelia and O. were asked to come and identify defendant. Both women identified defendant as the shooter. A criminalist found gunshot residue as well as particles that could have been gunshot residue on defendant's hands.

(Opinion at 1.[1])

Petitioner was charged with one count of discharging a firearm at an occupied motor vehicle and three counts of assault with a firearm with special allegations that he personally used a firearm. The defense sought to exclude evidence relating to the license plate number written on the napkin by the unidentified witness. The court ruled that although the evidence was hearsay, it came within the spontaneous declaration and past recollection recorded exceptions and was therefore admissible. Petitioner was found guilty on all counts and found to have personally used a firearm in each of the three assault with a firearm charges. Petitioner was sentenced to an aggregate term of eight years in state prison. (Opinion at 1-2.)

---

[1] C041103 opinion is lodged in this record as exhibit 2, filed 6/3/05.

## STANDARD OF REVIEW FOR GRANTING RELIEF

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149-50 (9th Cir. 2000); *Middleton*, 768 F.2d at 1085. Nor can habeas corpus be utilized to try state issues *de novo*. *Milton v. Wainwright*, 407 U.S. 371, 377 (1972).

This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999). Under AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

## ANALYSIS OF THE CLAIM

Petitioner states that he is presenting only one ground for relief- an alleged violation of the rule set forth in *Crawford v. Washington*, 541 U.S. 36, 68 (2004). (Petition at 6.) Specifically, petitioner alleges that the trial court erred when it admitted hearsay evidence at trial regarding the license plate number that was recorded on the napkin and provided to the victim by

3

an unidentified witness. (Petition at 10.)

The Confrontation Clause of the Sixth Amendment requires that a criminal defendant be afforded the right to confront and cross examine witnesses against him. In *Crawford v. Washington*, the United States Supreme Court held that the Sixth Amendment is violated when testimonial hearsay evidence is admitted under circumstances where the criminal defendant had no opportunity to conduct a cross examination. *Crawford v. Washington*, 541 U.S. 36, 68 (2004).

Respondent asserts that the application of *Crawford* to this petition is barred by the rule set forth in *Teague v. Lane*, 489 U.S. 288 (1989). With few exceptions, the *Teague* non-retroactivity doctrine prohibits courts from announcing or applying new rules of law in federal habeas proceedings. *Hoffman v. Arave*, 236 F.3d 523, 537 (9th Cir. 2001), *cert. denied*, 534 U.S. 944 (2001). The Supreme Court has conclusively determined that *Crawford* announced a new rule for *Teague* purposes. *Whorton v. Bockting*, 127 S. Ct. 1173, 1181 (2007). Since petitioner's conviction became final well before *Crawford* was decided,[2] its new rule cannot be applied in this collateral attack.[3] *See Whorton*, 127 S. Ct. at 1184.

Applying the law in effect at the time petitioner's conviction became final, there was no violation of petitioner's rights under the Confrontation Clause of the Sixth Amendment. "The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary

---

[2] Petitioner's conviction became final for *Teague* purposes on July 7, 2003, ninety days after the California Court of Appeal affirmed the conviction. *See* 28 U.S.C. §2102(c); *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994).

[3] In any event, the hearsay evidence admitted at petitioner's trial would not violate the rule of *Crawford*, because it was not testimonial. *See Leavitt v. Arave*, 383 F.3d 809, 830 n.22 (9th Cir. 2004) ("While the *Crawford* Court left 'for another day any effort to spell out a comprehensive definition of 'testimonial,' it gave examples... namely, 'prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and... police interrogations'"). The hearsay evidence admitted in this case does not fall within the compass of these examples. *See Id*.

4

proceeding before the trier of fact." *Lilly v. Virginia*, 527 U.S. 116, 124 (1999).  However, an unavailable witness's out of court statement may be admitted against a criminal defendant and not run afoul of the Confrontation Clause so long as the statement bears adequate indicia of reliability- i.e., falls within a "firmly rooted hearsay exception" or otherwise bears "particularized guarantees of trustworthiness" such that adversarial testing would be expected to add little, if anything, to the statement's reliability.  *Id*. at 124-25; *Ohio v. Roberts*, 448 U.S. 56, 66 (1980).  Statements characterized as "excited utterances" or "spontaneous declarations" are constitutionally admissible if "given under circumstances that eliminate the possibility of fabrication, coaching, or confabulation," so that "the circumstances surrounding the making of the statement provide sufficient assurance that the statement is trustworthy and that cross-examination would be superfluous." *Idaho v. Wright*, 497 U.S. 805, 820 (1990).  In *White v. Illinois*, the Supreme Court described a properly admitted spontaneous statement as one "that has been offered in a moment of excitement- without the opportunity to reflect on the consequences of one's exclamation." 502 U.S. 346, 356 (1992). Petitioner's claim is governed by these standards. *See Winzer v. Hall,* 494 F.3d 1192, 1196-1198 (9th Cir. 2007) (applying these standards after determining that *Teague* non-retroactivity doctrine barred application of *Crawford* to the habeas corpus petitioner's Confrontation Clause claim).

        In this case, there was sufficient evidence that the declarant witnessed the shooting.  Had he not witnessed the shooting, he would have had no reason to flag down the victim, ask if she and her passengers were okay, and give her the napkin reflecting the license plate number he observed.  (Opinion at 6.)  The victim testified that both she and the declarant were still "shocked" when they spoke, which was "minutes later."  (Opinion at 6.)  Given that the declarant had just witnessed a random, unprovoked shooting at a car filled with people, there is a reasonable basis supporting the common sense conclusion that he was still "in a moment of excitement" and "without the opportunity to reflect" such that the information he provided minutes later was trustworthy and given without fabrication, coaching, or confabulation.  Since the circumstances

relating to the testimony of what was written on the napkin fit the description of the excited utterance or spontaneous declaration exception to hearsay as set forth by the Supreme Court, there was no violation of the Confrontation Clause. *See Winzer*, 494 F.3d at 1199 ("If the circumstances surrounding [the hearsay statement] fit the Supreme court's descriptions of the excited utterance or spontaneous declaration exception to hearsay, as set forth in *Wright* and *White*, then the Confrontation Clause was not violated").

To the extent petitioner additionally claims that the trial court erred in its application of hearsay rules in the California Evidence Code (Petition at 10), no relief can be granted because this is an alleged violation of state law. *Estelle*, 502 U.S. at 67-68. A state court's evidentiary ruling, even if erroneous, is only grounds for federal habeas relief if the state proceedings were rendered so fundamentally unfair as to violate due process. *Drayden v. White*, 232 F.3d 704, 710 (9th Cir. 2000), *cert. denied*, 532 U.S. 984 (2001). In this case, the hearsay ruling was in accordance with the standards set forth by the Supreme Court and the proceedings were not rendered fundamentally unfair.

Petitioner also complains that napkin evidence should not have been admitted because cross-examination at trial later established that the license plate number recorded by the unidentified witness and reported to police was actually one character different from the license plate number on petitioner's 4Runner. (Petition at 9.) This allegation also fails to set forth a violation of federal law. Petitioner has failed to demonstrate that he is entitled to habeas corpus relief.

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 4, 2009

/s/ Charlene H. Sorrentino
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE

7